UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATORISH GARDNER,

    Plaintiff,

v.

MANAGEMENT & TRAINING
CORPORATION,

    Defendant.
_____/

Case No.: _____

State Court Case No.: 14-000390-CAA

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Management & Training Corporation ("MTC") hereby removes this action from the Circuit Court of the Second Judicial Circuit in and for Gadsden County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. This Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, MTC states as follows:

### The Removed Case

1.     Plaintiff commenced this action on or about May 9, 2014, by filing a Complaint against MTC in the Circuit Court of Gadsden County, Case Number 14-000390-CAA (the "Lawsuit").

2.     Plaintiff alleges defamation *per se* in connection with the termination of his employment with MTC. He seeks compensatory damages with leave to amend to demand punitive damages. *See* Complaint (Ex. A).

35125484.2

**Diversity Of Citizenship**

3. Plaintiff's employment records with MTC show he was a resident of Jackson County, Florida, at all times during his employment. Furthermore, based on public records, Plaintiff has been a resident of Jackson County for more than 10 years and holds a Florida drivers license with a Florida address. Accordingly, Plaintiff is, and was at the time of filing this action, a citizen of the state of Florida for purposes of determining diversity.

4. MTC is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Centerville, Utah. Accordingly, MTC is a citizen of the States of Delaware and Utah for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

5. There is thus complete diversity among the parties because Plaintiff is a citizen of Florida, while MTC is not. *See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

**Amount In Controversy**

6. Based on the injuries allegedly suffered by Plaintiff and the damages he demands, it appears from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. Where, as here, the jurisdictional amount is not expressly alleged, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin*

*N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

7. A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. *See Pretka*, 608 F.3d at 754, 772; *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770. In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

8. The Complaint alleges that Plaintiff has "sustained damages" as a result of MTC's alleged defamation and seeks unspecified compensatory damages. *See* Compl. ¶¶ 15, 19.[1] The damages allegedly commenced at the time of Plaintiff's termination on June 1, 2012, approximately 2 years ago, and "are continuing and will not abate in the

---

[1] Plaintiff also references punitive damages. *See* Compl. at 4. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . ." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 WL 1313490, at *4 (N.D. Fla. Mar. 6, 2012) ("the [c]ourt must consider punitive damages when determining the amount in controversy unless it is apparent that such damages cannot be recovered").

future." *See* Compl. ¶¶ 11, 15, and 19.

9. Furthermore, Plaintiff asserts he was accused of conduct incompatible with the practice of his profession and contends MTC's alleged false statements constitute defamation *per se*, for which damages are conclusively presumed to result. *See* Compl. ¶ 18; *see also Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1259 (N.D. Fla. 2007). Plaintiff alleges MTC's conduct has "obstruct[ed] his ability to obtain gainful employment in the corrections field." *See* Compl. ¶ 14.

10. In actions for defamation, Florida law permits recovery of damages resulting from impaired reputation and standing in the community, humiliation, mental anguish, and suffering. *See Buis*, 504 F. Supp. 2d at 1259. Jury verdict research indicates multiple verdicts for defamation within recent years in Florida ranging from $250,000 upwards. *See, e.g., Hamadeh v. State Industrial Products Corp.*, 2011 WL 7465105 (Fla. 17th Cir. Ct. 2011) ($260,000 verdict for Plaintiff where alleged defamatory statements were made to prospective employers); *Richardson v. Wal-Mart Stores East. L.P.*, 2011 WL 5509114 (Fla. 4th Cir. Ct. 2011) (approximately $1.5 million verdict for Plaintiff where defamatory statements allegedly caused termination of employment).

11. MTC's employment records show that Plaintiff's annual salary while employed with MTC was approximately $30,000, and Plaintiff alleges MTC's conduct has prevented him from obtaining gainful employment in the corrections field for two years. *See Pretka*, 608 F.3d at 757-60 (a defendant removing within 30 days of service may provide the basis for removal, including information outside the complaint, without

4

relying solely upon information from the plaintiff). This element of Plaintiff's demand alone amounts to approximately $60,000, not including his alleged future damages and any amounts claimed for non-economic damages.

12.     Given Plaintiff's allegations, as well as the nature of the claim and the alleged past and future damages, it is "'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum, even [though] 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754).

13.     Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs, and MTC has sufficiently alleged a basis for diversity jurisdiction.

## Removal Is Timely

14.     MTC was served with the Complaint in this action on May 15, 2014. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within 30 days of receipt of the initial pleading by MTC and within one year of commencement of the action.

## Venue is Proper

15.     The Circuit Court of Gadsden County is located within the Northern District of Florida, Tallahassee Division. *See* 28 U.S.C. § 1441(a).

16.     No defendant is a citizen of the State of Florida, where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

## State Court Materials

17.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 7.2(A), copies of all

process, pleadings, and orders, which papers include the Complaint, are attached collectively as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Gadsden County Circuit Court.

WHEREFORE, MTC respectfully removes this action from the Circuit Court of Gadsden County, bearing Case No. 14-000390-CAA, to this Court.

Respectfully submitted,

*/s/ W. Douglas Hall*
W. Douglas Hall
Fla. Bar No. 0347906
CARLTON FIELDS JORDEN BURT, P.A.
215 S. Monroe St., Suite 500
Tallahassee, FL 32301
Telephone: (850) 224-1585
Email: whall@cfjblaw.com
sdouglas@cfjblaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail this 12th day of June, 2014, to Patrick R. Frank, Esq., Frank & Rice, P.A., 325 W. Park Avenue, Tallahassee, Florida 32301.

*s/ W. Douglas Hall*
ATTORNEY



# CT Corporation

**Service of Process Transmittal**
05/15/2014
CT Log Number 524961666

**TO:** Dawn Call
Management & Training Corporation
500 North Marketplace Drive
Centerville, UT 84014-

**RE:** **Process Served in Florida**

**FOR:** Management & Training Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Latorish Gardner, Pltf. vs. Management & Training Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Gadsden County Circuit Court, FL<br>Case # 1400390CAA |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 6/1/2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/15/2014 at 15:51 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Patrick R. Frank<br>Frank & Rice, P.A.<br>325 W. Park Avenue<br>Tallahassee, FL 32301<br>850-629-4168 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/16/2014, Expected Purge Date: 05/21/2014<br>Image SOP<br>Email Notification, Dawn Call dcall@mtctrains.com<br>Email Notification, Christina Hoki christina.hoki@mtctrains.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / KH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Exhibit A**

05/12/2014  14:00 CIRCUIT CIVIL                    (FAX)8506276925              P.002/003

Filing # 13513480 Electronically Filed 05/09/2014 06:07:54 PM

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
# IN AND FOR GADSDEN COUNTY, FLORIDA

LATORISH GARDNER,

    Plaintiff,

vs.                                    CASE NUMBER: 14000390CAA

MANAGEMENT & TRAINING
CORPORATION,

    Defendant.
_____/

5-15-14  2:45PM
BK 477

## SUMMONS

TO:  Management & Training Corporation
     c/o CT Corporation System
     1200 South Pine Island Road
     Plantation, Florida 33324

### IMPORTANT

A lawsuit has been filed against you in this court. You have 20 calendar days after receiving this summons to file your written response to the attached complaint. This response must be filed with the clerk of the court at the address shown below.

If you do not file your response on time, you may lose your case. (The court could enter a judgment in favor of the plaintiff and you could lose wages, money and property without further warning.)

You may want to contact an attorney right away, as court proceedings can get involved and advice of counsel could be very important to you. If you do not know an attorney, you may call an attorney referral service or a legal aid office listed in the telephone directory. If you do not hire an attorney and choose to represent yourself in court, make sure that your response contains the case number and the names of the parties (as shown at the top of this page).

The original of your response must be filed with:

    Gadsden County Courthouse
    10 East Jefferson Street
    Quincy, FL 32351

A copy of your response must also be mailed or delivered to the plaintiff's attorney:

    Patrick R. Frank, Esquire
    325 West Park Avenue
    Tallahassee, Florida 32301

Remember to keep a copy of your response for your own referral.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar

SS # 161267

la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANTE

Des poursuites judiclares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens pouvont etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous:

Patrick R. Frank, Esquire
325 West Park Avenue
Tallahassee, Florida 32301

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:

You are commanded to serve this Summons, a copy of the Complaint, to the Defendant in this lawsuit on the above-named Defendant.

Dated: May 12, 2014
NICHOLAS THOMAS, CLERK OF THE CIRCUIT COURT

By: _____
    DEPUTY CLERK

IN THE SECOND JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR GADSDEN COUNTY, FLORIDA

LATORISH GARDNER,

    Plaintiff,

vs.                                            CASE NO: 14000390-CAA

MANAGEMENT & TRAINING
CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, LATORISH GARDNER (hereafter "Mr. Gardner") who, by and through his undersigned counsel(s), hereby sues the Defendant, Management & Training Corporation (hereafter "MTC") and would further allege:

**Jurisdiction and Venue**

1. This is an action for damages in excess of $15,000.00, exclusive of attorney's fees and costs.

2. Mr. Gardner is a natural person.

3. MTC is a foreign "For Profit" corporation headquartered in the State of Utah with significant business operations in Gadsden County, including the operation of all or part of Gadsden Correctional Facility (hereafter "GCF").

4. The instant causes of action delineated herein attendant to this matter accrued in Gadsden County.

### Facts & Circumstances

5. The Plaintiff, Mr. Gardner, previously worked in the capacity of a Corrections Officer for the Defendant, MTC. On or about May 31, 2012, Mr. Gardner was assigned to the perimeter post during third shift. Accordingly, Mr. Gardner's responsibilities at that time entailed patrolling the grounds of the Gadsden Correctional Facility.

6. Sometime after midnight on June 1, 2012, in connection with the purported arrival of a strange and/or unexpected vehicle in the parking lot of the prison, the Control Room allegedly attempted to make contact with the Plaintiff, Mr. Gardner, while he was conducting his patrol of the property.

7. Per the representations of the Defendant's agents/representatives, the Plaintiff, Mr. Gardner, was alleged to be unreachable and unresponsive to various hails made over the Defendant's communication system.

8. As a result of the Plaintiff's, Mr. Gardner's, alleged failure to respond to the communications of his fellow Corrections Officers, a fellow Corrections Officer identified as Sergeant Copeland was purportedly dispatched for the purpose of attempting to make contact with the Plaintiff.

9. Sergeant Copeland, pursuant to her search, claimed that she came upon the Plaintiff, Mr. Gardner, while he was apparently between Zones Four (4) and Five (5) of the premises and—notably—supposedly asleep in a "fetal position" in the Defendant's vehicle.

10. As a result of the claims made by Sergeant Copeland, the Plaintiff, Mr. Gardner, was placed on administrative leave on June 1, 2012 pursuant to the

representation that an investigation was going to take place with respect to the allegations of Sergeant Copeland.

11. Sometime thereafter, on the exact same day of June 1, 2012, the Plaintiff, Mr. Gardner, was issued a Notice of Caution ("NOC") which indicated that he was being terminated for allegedly sleeping on the job.

12. The Plaintiff, Mr. Gardner, was neither asleep on the job, nor was he ever confronted with sleeping on the job in the manner alleged by Sergeant Copeland and the Defendant.

13. Although the Notice of Caution at issue was drafted indicating the termination decision on June 1, 2013, the Notice of Caution was not provided to the Plaintiff, Mr. Gardner, until on or about June 20, 2012.

14. Following the termination of the Plaintiff, the Defendant reported to the Florida Department of Law Enforcement that the Plaintiff was "terminated for violating agency policy (Moral Character Violation)" and such report remains on his Corrections Officer profile to this day, obstructing his ability to obtain gainful employment in the corrections field.

15. As a direct and/or proximate result of the acts and/or omissions of the Defendant, MTC, and its agents/representative, the Plaintiff has sustained damages. Said injuries are continuing and will not abate in the future.

### Count One (1)
### Defamation *Per Se*

16. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Fifteen (15), as if set forth in their entirety herein.

17. MTC negligently published a false statement regarding the Plaintiff with knowledge of and/or reckless disregard of the falsity of the statement. The Plaintiff, Mr. Gardner, was damaged thereby.

18. Said statement involved the Plaintiff's, Mr. Gardner's conduct, characteristics or a condition incompatible with the proper exercise of her lawful business, trade, profession or office.

19. As a direct and/or proximate result of the Defendant's negligent acts and/or omissions, the Plaintiff has sustained damages. Said injuries are continuing and will not abate in the future.

**WHEREFORE**, the Plaintiff, **LATORISH GARDNER**, demands judgment against the Defendant, Management & Training Corporation, for compensatory damages, future leave to amend for punitive damages, pre-judgment and post-judgment interest, taxable costs, as well as the provision of any such other relief as this Court should deem equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL.**

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq.
Florida Bar Number: 0642770
Frank & Rice, P.A.
325 W. Park Avenue
Tallahassee FL 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184
Attorney(s) for Plaintiff,
**LATORISH GARDNER**